JOHN HOGENCAMP and wife vs. THE PATERSON HORSE RAILROAD COMPANY.

1. Upon a bill for injunction, an allegation that the location of a street railroad will inconvenience the complainant's business and diminish the value of his property, is material and significant, only where the road is constructed without authority, and the evil complained of is a public nuisance, as showing that the complainant has sustained special injury.

2. But where the laying of the track and the use of the road are authorized by the municipal authorities, its location rests in the discretion of the corporation, or of those having the control and regulation of the streets. It cannot affect the question of right.

*Mr. A. B. Woodruff*, for complainants.

*Mr. A. S. Pennington,* for defendants.

THE CHANCELLOR. The case made by the bill in this cause, is substantially the same with that presented in Hinchman against the same defendants. The technical objection on the ground of misjoinder is avoided.

The bill alleges that the complainants' premises are occupied for business purposes, part as a manufactory and store, and part as an express and freight office; and that, among other injuries to the premises that will be occasioned by the construction of the railroad, the space between the track and the curb-stone will be so limited as not to allow sufficient space for ordinary freight and express wagons to stand lengthwise across the street, when loading and unloading, as they have been accustomed to do, and the delivery of freight and express matter be thereby rendered inconvenient, and the value of the premises diminished.

This charge is material and significant, only where the road is constructed without authority, and the evil complained of is a public nuisance, as showing that the complainant has sustained special injury. *McFarland* v. *Orange and Newark Horse Car R. Co.,* 2 *Beas.* 17; *Zabriskie* v. *Jersey City and Bergen R. Co., Ibid.* 314.

But where the laying of the track and the use of the road are authorized by the municipal authorities, its location rests in the discretion of the corporation, or of those having the control and regulation of the streets. It cannot affect the question of right.

I find nothing in the bill to distinguish it in substance from the Hinchman case, or from the operation of the principle by which that case was determined.

The injunction is denied.